IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 117-013 |
| | ) | |
| KENNETH J. LAWRENCE, | ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Kenneth J. Lawrence, proceeding *pro se*, seeks to remove to this Court a dispossessory action filed by Plaintiff in the Magistrate Court of Richmond County, Georgia. For the reasons set forth below, the Court finds it lacks subject matter jurisdiction in this matter and therefore **REPORTS** and **RECOMMENDS** the case be **REMANDED** to the Magistrate Court of Richmond County and the above-captioned civil action be **CLOSED** in this Court.

I.    **BACKGROUND**

Plaintiff filed its dispossessory action in the Magistrate Court of Richmond County on December 28, 2016. (Doc. no. 1, p. 11.) A summons was issued for Defendant to appear in Magistrate Court on or before January 6, 2017. (Id. at 12.) On January 31, 2017, Defendant

filed a "Petition for Removal, Improper Foreclosure with Injunctive Relief," in this Court

asserting he "is a victim of improper foreclosure."[1]  (Id. at 2.)

Defendant states Plaintiff foreclosed on the property at 1017 Pleasant Valley Drive in

Hephzibah, Georgia, and he asks that the subsequent dispossessory action filed against him

in the Magistrate Court, Case 165328, be removed to this Court.  (Id. at 7.)  Plaintiff also

requests unspecified injunctive relief against the "improper foreclosure" by Plaintiff.[2]  (Doc.

no. 1, pp. 3-7.)

## II.    DISCUSSION

Generally, a defendant may remove an action from state court when the federal court

would possess original jurisdiction over the subject matter.  28 U.S.C. § 1441(a).  A

removing defendant has the burden to establish federal jurisdiction.  See Diaz v. Sheppard,

85 F.3d 1502, 1505 (11th Cir. 1996).  "Subject matter jurisdiction in a federal court may be

based upon federal question jurisdiction or diversity jurisdiction."  Walker v. Sun Trust

Bank, 363 F. App'x 11, 15 (11th Cir. 2010) (citing 28 U.S.C. §§ 1331, 1332).  "The presence

or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,'

which provides that federal jurisdiction exists only when a federal question is presented on

the face of the plaintiff's properly pleaded complaint."  Caterpillar Inc. v. Williams, 482 U.S.

386, 392 (1987).  That is, "[o]nly state-court actions that originally could have been filed in

---

[1]There is no evidence in the record that Defendant, as is required by 28 U.S.C. § 1446(d), gave written notice to the state court clerk of the notice of removal.

[2]State court records show Defendant has a pending case in state court against Wells Fargo Bank, N.A., in which he also raises claims of improper foreclosure and requests injunctive relief. Lawrence v. Wells Fargo Bank, N.A., 2016RCCV00553 (Dec. 2, 2016), *available at* http://coc.augustaga.gov (follow "Civil Search" hyperlink; then search for Case No. 2016RCCV00553).

federal court may be removed to federal court by the defendant." Id. (footnote omitted). Accordingly, a counterclaim based on a federal cause of action or a federal defense alone is not a basis for removal jurisdiction. Vaden v. Discover Bank, 556 U.S. 49, 59-61 (2009).

Plaintiff filed its action in the Magistrate Court of Richmond County as a dispossessory action which is based only on state law. The complaint on its face presents no federal question. That Defendant purports to raise a defense based on wrongful foreclosure does not confer federal subject matter jurisdiction over this action. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002). Courts within the Eleventh Circuit have rejected similar attempts to remove a dispossessory action that is based only on state law. See American Homes 4 Rent Props. Eight, LLC ISAOA v. Green, CV 115-068, 2015 WL 5043222, at *2 (S.D. Ga. Aug. 25, 2015) (Hall, J.); Citibank, N.A. v. Johnson, No. 1:14-CV-1784-WSD, 2014 WL 5019924, at *2-3 (N.D. Ga. Oct. 7, 2014).

Although Defendant does not raise diversity of citizenship as a basis for federal jurisdiction, for the sake of completeness, the Court finds no such diversity jurisdiction exists. Federal courts have jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000," and is between "citizens of different States." 28 U.S.C. § 1332(a)(1). Not only has Defendant not pled diversity of citizenship, but Defendant fails to show the amount-in-controversy exceeds the $75,000 threshold. As succinctly explained by another court:

> [A] dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over limited right to possession, title to property is not at issue, and accordingly, the removing defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement.

Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-CV-2864-RWS, 1:07-CV-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 9, 2008).  Defendant has not established diversity of citizenship or that the value of the controversy exceeds $75,000.

In sum, the Court concludes Defendant has not met his burden of establishing federal jurisdiction, and the case should be remanded.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.")

III.    CONCLUSION

Because there is no subject matter jurisdiction, the Court **REPORTS** and **RECOMMENDS** this action be **REMANDED** to the Magistrate Court of Richmond County, Georgia, and the above-captioned civil action be **CLOSED** in this Court.

SO REPORTED and RECOMMENDED this 1st day of February, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA